PHILLIP A. TALBERT
United States Attorney
AARON D. PENNEKAMP
ANGELA L. SCOTT
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JULIO MENDOZA MADRIGAL,<br>DORIAN MICHAEL WILLES, and<br>HEATHER ROMOSER,<br><br>Defendants. | CASE NO. 21-CR-110-DAD<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; ORDER<br><br>CURRENT DATE: December 13, 2022<br>PROPOSED DATE: April 4, 2023<br>COURT: Hon. Dale A. Drozd |

**BACKGROUND**

This case is set for status conference on December 13, 2022. On May 26, 2021, this Court issued General Order 631, which reopened the courthouses in this District, but which left it to "each Judge [to] determine whether to hold proceedings . . . in person or by telephone or videoconference." The order further authorized each Judge to "exercise his or her authority to continue [criminal] matters" and "exclud[e] time under the Speedy Trial Act." This and previous General Orders were entered to address public health concerns related to COVID-19.

Although the General Orders address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

1

exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, 618, and other orders require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption created "appreciable difficulty" for the trial to proceed. *Id.* at 767-69; *see also United States v. Correa*, 182 F. Supp. 2d 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency).

The coronavirus poses a similar, albeit more enduring, "appreciable difficulty" to the prompt proceedings mandated by the statutory rules. Recently, the Ninth Circuit enumerated a "non-exhaustive" list of seven factors it found to be "relevant" in considering ends-of-justice Speedy Trial Act continuances "in the context of the COVID-19 pandemic." *United States v. Olsen*, 21 F.4th 1036, 1046 (9th Cir. 2022). That non-exhaustive list includes: (1) whether a defendant is detained pending trial; (2) how long a defendant has been detained; (3) whether a defendant has invoked speedy trial rights since the case's inception; (4) whether a defendant, if detained, belongs to a population that is particularly susceptible to complications if infected with the virus; (5) the seriousness of the charges a defendant

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

2

faces, and in particular whether the defendant is accused of violent crimes; (6) whether there is a reason to suspect recidivism if the charges against the defendant are dismissed; and (7) whether the district court has the ability to safely conduct a trial. *Id*.

In light of the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4).[1]  If continued, this Court should designate a new date for the status conference. *United States v. Lewis*, 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendant JULIO MENDOZA MADRIGAL, by and through his counsel of record, Todd Leras, DORIAN MICHAEL WILLES, by and through his counsel of record, Christopher Cosca, and HEATHER ROMOSER, by and through her counsel of record, Toni White,[2] hereby stipulate as follows:

1.  By previous order, this matter was set for status conference on December 13, 2022.

2.  By this stipulation, defendants now move to continue the status conference until April 4, 2023, and to exclude time between December 13, 2022, and April 4, 2023, under 18 U.S.C. § 3161(h)(7)(A), B(ii), (iv) [Local Codes T2 and T4].

3.  The parties agree and stipulate, and request that the Court find the following:

    a)  The government has produced over 100,000 pages of discovery and voluminous audio and audio/video discovery, including interceptions over multiple wiretapped telephones as well as recordings of controlled purchases of narcotics.  Many of the recordings are in Spanish.

    b)  Counsel for defendants desire additional time to consult with their clients, review the current charges, conduct investigations and research related to the charges, review discovery, discuss potential resolutions, prepare pretrial motions, and otherwise prepare for trial.

---

[1] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

[2] Defendants JUAN ZAMORA TORRES and ROBERT LEWIS McCOMMAS have been sentenced in this matter.  Doc. 126, 148.  Consequently, neither defendant TORRES nor defendant McCOMMAS join in this stipulation.

c)        Additionally, given the voluminous discovery and the fact that this case involved a multi-line wiretap investigation, it is so complex that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself prior to April 4, 2023.

d)        Senior United States District Judge John A Mendez granted the request of Attorney Todd Leras to substitute into this case to represent Julio Mendoza Madrigal (Mr. Mendoza) as appointed counsel in place of retained counsel Preciliano Martinez on March 1, 2022.

e)        Mr. Mendoza's primary language is Spanish.  Although he speaks some English, Mr. Mendoza generally requires the assistance of a Spanish language interpreter in court and during meetings with defense counsel to review discovery and discuss substantive legal matters.

f)        Since September 2022, Mr. Mendoza has been held in pre-trial detention at the Wayne Brown Correctional Facility (WBCF) in Nevada City.  WBCF is approximately sixty-five miles from defense counsel's office in downtown Sacramento.  WBCF does not provide a videoconferencing option for attorney-client meetings.  All meetings to review discovery and defense investigation with Mr. Mendoza therefore require in-person meetings and travel to WBCF.

g)        Counsel for defendants believe that failure to grant the above-requested continuance would deny them the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

h)        No defendant has invoked his/her speedy trial rights since the inception of the case.

i)        The government does not object to the continuance.

j)        Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendants in a trial within the original date prescribed by the Speedy Trial Act.

k)        For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of December 13, 2022, to April 4, 2023, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(ii), (iv) [Local

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

4

Codes T2 and T4] because it results from a continuance granted by the Court at defendants' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendants in a speedy trial.

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

| | |
|---|---|
| Dated: December 5, 2022 | PHILLIP A. TALBERT<br>United States Attorney<br><br>/s/ ANGELA L. SCOTT<br>ANGELA L. SCOTT<br>Assistant United States Attorney |
| Dated: December 5, 2022 | /s/ TODD LERAS per email authorization<br>TODD LERAS<br>Counsel for Defendant<br>JULIO MEDOZA MADRIGAL |
| Dated: December 5, 2022 | /s/ CHRISTOPHER COSCA per email authorization<br>CHRISTOPHER COSCA<br>Counsel for Defendant<br>DORIAN MICHAEL WILLES |
| Dated: December 5, 2022 | /s/ TONI WHITE per email authorization<br>TONI WHITE<br>Counsel for Defendant<br>HEATHER LEIGH ROMOSER |

//

//

**ORDER**

Pursuant to the stipulation of the parties, the status conference currently scheduled for December 13, 2022 is continued to April 4, 2023 at 9:30 a.m. and time is excluded between December 13, 2022, and April 4, 2023, under 18 U.S.C. § 3161(h)(7)(A), B(ii), (iv) [Local Codes T2 and T4]. No further continuances of the status conference in this action will be granted absent a compelling showing of good cause.

IT IS SO ORDERED.

Dated:   **December 5, 2022**                    /s/ Dale A. Drozd
                                                     UNITED STATES DISTRICT JUDGE